```
                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                          )
DIVING SERVICES, INC.,                    )
                                          )
            Plaintiff,                    )
                                          )
v.                                        )    C.A. No. 16-112 S
                                          )
BTM MACHINERY, INC. and                   )
CRANE U, INC.,                            )
                                          )
            Defendants.                   )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Diving Services, Inc. ("Diving Services") entered into a contract with BTM Machinery, Inc. ("BTM") and has brought suit against BTM (as well as BTM's business partner, Crane U, Inc.) for several causes of action related to that contractual relationship. (Complaint, ECF No. 1.) BTM has moved to dismiss the lawsuit. (Def.'s Mot. to Dismiss, ECF No. 11.) For the reasons set forth below, the Motion to Dismiss is DENIED, and the case is transferred to the United States District Court for the District of South Carolina.

### I. Facts of the Case

BTM is a South Carolina company that provides large machinery and related services to the global construction industry. Diving Services is a Rhode Island company that entered

1

into a contract with BTM for the purchase of a construction crane. (See Pl.'s Opp'n Mem. Ex. A, ECF No. 12-1.). Under the terms of the contract, BTM agreed to make various repairs to the crane in exchange for Diving Services' payment of a $5,000 deposit. (Id.) Diving Services would then "inspect[]" those repairs and pay the remaining $80,000 balance before taking possession of the crane. (Id.) While neither party has offered evidence regarding the inspection process, both parties agree that Diving Services paid for, and took possession of the crane in South Carolina before transporting the crane to Pennsylvania. (Complaint ¶ 24, ECF No. 1; Pl.'s Opp'n. Mem. 3, ECF No. 12; Def.'s Reply 5, ECF No. 13.) Diving Services now alleges that the crane provided by BTM was not operational and has brought suit for various claims related to that transaction.

BTM has moved to dismiss Diving Services' claim based on three grounds. First, BTM argues that this Court lacks personal jurisdiction over BTM because BTM "has almost no purposeful contacts with [Rhode Island]." (Def.'s Mot. to Dismiss 2, ECF No. 11-1.) Second, BTM argues that the contract between BTM and Diving Services has a valid forum selection clause that requires this claim to be litigated in South Carolina. (Id.) Third, BTM argues that Rhode Island is not the proper venue because "the alleged events giving rise to Diving Services' claim did not

occur in Rhode Island." (Id.) The Court first addresses the issue of personal jurisdiction.

    II. Personal Jurisdiction

For this Court to have personal jurisdiction over BTM, Diving Services must show that (1) the Rhode Island long-arm statute grants jurisdiction over the claim; and (2) exercising jurisdiction does not violate the Due Process Clause of the Fourteenth Amendment. Daynard v. Ness, et al., 290 F.3d 42, 53 (1st Cir. 2002). Rhode Island's long-arm statute "extends up to the constitutional limitation." Am. Sail Training Ass'n v. Litchfield, 705 F. Supp. 75, 78 (D.R.I. 1989) (quoting Conn. v. ITT Aetna Finance Co., 252 A.2d 184, 186 (R.I. 1969)). Therefore, this Court need only focus on the limitations of the Due Process Clause of the Fourteenth Amendment.

Under the Due Process Clause, Diving Services has the burden of showing that BTM has had certain "minimum contacts" with Rhode Island such that this Court's hearing of the case would not offend "'traditional notions of fair play and substantial justice.'" Phillips v. Prairie Eye Ctr., 530 F.3d 22, 26, 27 (1st Cir. 2008) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945)). While Plaintiff can meet this standard by demonstrating either general or specific jurisdiction, Harlow v. Children's Hosp., 432 F.3d 50, 57 (1st Cir. 2005) (comparing general and specific jurisdiction), Diving

3

Services argues only for specific jurisdiction. (Pl.'s Opp'n. Mem. 5, ECF No. 12.) For claims of specific jurisdiction, the Court employs a three-pronged analysis that requires a showing of "relatedness, purposeful availment, and reasonableness":

> First, the claim underlying the litigation must directly arise out of, or <u>relate to</u>, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a <u>purposeful availment</u> of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be <u>reasonable</u>.

<u>Adelson v. Hananel</u>, 510 F.3d 43, 49 (1st Cir. 2007) (emphasis added). Plaintiff has the burden of establishing all three prongs. <u>Id.</u> at 48.

In this case, BTM concedes that selling a crane to a Rhode Island company satisfies the "relatedness" prong. (Def.'s Mot. to Dismiss 4, ECF No. 11-1.) Therefore, the question is whether Diving Services has provided sufficient evidence for the "purposeful availment" and "reasonableness" prongs. Diving Services' evidence on this issue is reviewed using the prima facie method:

> Under [this] standard, the inquiry is whether the plaintiff has proffered evidence which, if credited, is sufficient to support findings of all facts essential to personal jurisdiction. In order to make a prima facie showing of jurisdiction, the plaintiff ordinarily cannot rest upon the pleadings but is obliged to adduce evidence of specific facts. The court must accept the plaintiff's (properly

4

> documented) evidentiary proffers as true for the purpose of determining the adequacy of the prima facie jurisdictional showing, and construe them in the light most congenial to the plaintiff's jurisdictional claim.

Phillips, 530 F.3d at 26 (internal citations and quotations omitted).

a. Purposeful Availment

Diving Services has the burden of demonstrating that BTM "purposefully availed itself of the privilege of conducting activities in [Rhode Island], thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable." Id. at 28 (internal quotations omitted). There are two elements to purposeful availment: voluntariness and foreseeability. United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 624 (1st Cir. 2001) (discussing whether defendant "purposefully and voluntarily directs his activities toward the forum so that he should expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on these contacts"). Voluntariness requires evidence that BTM's contact with Rhode Island was not based on the "unilateral actions of another party," Adelson, 510 F.3d at 50, but instead was the "proximate[] result" of BTM's conduct. Phillips, 530 F.3d at 28 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)). Foreseeability requires that BTM's contact with Rhode

5

Island was "such that [it] could 'reasonably anticipate being haled into court there.'" Adelson, 510 F.3d at 50 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).

As to the first element, BTM cannot argue that its business interaction with Diving Services was somehow involuntary. BTM voluntarily sold a crane to Diving Services and sent Diving Services an invoice for the sale to Diving Services' Rhode Island address. This sort of interaction between BTM and Diving Services is far from the sort of "unilateral action[] of another party" that will serve to defeat personal jurisdiction. Id.; see also Phillips, 530 F.3d at 28 (finding voluntariness where defendant knowingly mailed an employment contract to the plaintiff in plaintiff's forum state). Therefore, the real issue is whether it was foreseeable that BTM could be forced to litigate this claim in Rhode Island.

Diving Services has provided only two pieces of evidence on this front. The first is several pages from BTM's website. (Pl.'s Opp'n. Mem. Ex. C, ECF No. 12-3.) The second is a copy of the contract between Diving Services and BTM for the sale of the crane. (Pl.'s Opp'n. Mem. Ex. A, ECF No. 12-1.)

With regards to BTM's website, Plaintiff is correct that BTM "advertises its machinery and equipment for sale . . . to all fifty states and worldwide." (Pl.'s Opp'n. Mem. 8, ECF No.

6

12.) However, this sort of advertising does not, without more, establish personal jurisdiction in Rhode Island. The First Circuit has made clear that "[t]he mere existence of a website does not show that a defendant is directing its business activities towards every forum where the website is visible." McBee v. Delica Co., Ltd., 417 F.3d 107, 124 (1st Cir. 2005). Where, as here, a defendant has merely advertised its services to the general public, "[s]omething more is necessary" to establish personal jurisdiction. Id., 417 F.3d at 124; see also Jagex Ltd. v. Impulse Software, 750 F. Supp. 2d 228, 233 (D. Mass. 2010) (holding that personal jurisdiction does not automatically result where "a defendant has simply posted information on a passive website that is accessible to users in a foreign jurisdiction").

In this case, the "something more" provided by Diving Services is its contract with BTM for the sale of a crane. (Pl.'s Opp'n. Mem. Ex. A, ECF No. 12-1.) But, here again, "the mere fact that a plaintiff entered into a contract with a defendant in the forum state is not in and of itself dispositive of the personal jurisdiction question." Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 136 (1st Cir. 2006); Burger King Corp., 471 U.S. at 478 ("If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other

7

party's home forum, we believe the answer clearly is that it cannot."). As the First Circuit has explained,

> [i]t stretches too far to say that [Defendant], by mailing a contract with full terms to [the forum state] for signature and following up with three e-mails concerning the logistics of signing the contract, should have known that it was rendering itself liable to suit in [the forum state].

Phillips, 530 F.3d at 29. Therefore, the fact that BTM emailed a contract to Diving Services with the knowledge that Diving Services was located in Rhode Island is not enough to establish personal jurisdiction in Rhode Island.

Beyond BTM's website and the sales contract, Diving Services has provided no evidence of BTM's contact with Rhode Island. For instance, Diving Services has not provided evidence that BTM representatives ever physically entered Rhode Island. See Walden v. Fiore, 134 S. Ct. 1115, 1122 (2014) (holding that physical presence, while not a "prerequisite," it is certainly "relevant").[1] Nor has Diving Services provided evidence of an ongoing business relationship with BTM. See C.W. Downer & Co. v. Bioriginal Food & Sci. Corp., 771 F.3d 59 (1st Cir. 2014) (finding personal jurisdiction where defendant "reached . . . into [the forum state] by entering a contractual relationship

---

[1] Both parties seemingly agree that Diving Services retrieved the crane from South Carolina and thereafter transported it to a work site in Pennsylvania. (Pl.'s Opp'n Mem. 3, ECF No. 12; Def.'s Reply 5, ECF No. 13.)

8

[with the plaintiff] that envisioned continuing and wide-reaching contacts in the forum state") (internal citations and quotations omitted). Under these circumstances, the Court finds that Diving Services has failed to provide sufficient evidence of BTM's contact with Rhode Island to satisfy personal jurisdiction. See Adelson, 510 F.3d at 49.[2]

III. Venue

Having found that this Court lacks personal jurisdiction over Diving Services' claim, the Court must now determine whether the case should be dismissed or transferred. Under 28 U.S.C. § 1631,

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . .

The statute creates a "rebuttable presumption in favor of transfer." Fed. Home Loan Bank of Boston v. Moody's Corp., 821 F.3d 102, 119 (1st Cir.), cert. denied, 137 S. Ct. 304 (2016) (citing Britell v. United States, 318 F.3d 70, 73 (1st Cir. 2003)). This presumption is rebutted only where the Court finds, after consideration of the entire record, that the interests of

---

[2] As Diving Services' failed to provide sufficient evidence with regards to "foreseeability," the Court need not address the "reasonableness" prong of the specific jurisdiction analysis. See Adelson, 510 F.3d at 49.

9

justice favor dismissal. Britell, 318 F.3d at 74 ("Thus, even though transfer is the option of choice, an inquiring court must undertake case-specific scrutiny to ferret out instances in which the administration of justice would be better served by dismissal."). The Court should consider whether the "transfer would unfairly benefit the proponent, impose an unwarranted hardship on an objector, or unduly burden the judicial system." Id. (internal citations omitted). These considerations inherently require some review of whether the claimant has "acted in bad faith" or has brought a claim that "is fanciful or frivolous." Id. at 75.

Based on the facts before the Court, the only jurisdiction in which it is evident that Diving Services' claim "could have been brought at the time it was filed," 28 U.S.C. § 1631, is South Carolina. Both sides agree that BTM is located in South Carolina, that the crane at the center of this dispute originated in South Carolina, and that Diving Services took possession of the crane in South Carolina. (Complaint ¶ 24, ECF No. 1; Pl.'s Opp'n. Mem. 3, ECF No. 12; Def.'s Reply 5, ECF No. 13.) Therefore, the only question left for this Court is whether transferring the case to South Carolina would disrupt the interests of justice.[3]

---

[3] BTM argues that the contract between BTM and Diving Services contains a choice of law provision (requiring

10

Having reviewed the totality of the record, the Court finds no factors that favor dismissal over transfer. For instance, the Court finds no evidence in the record to suggest that the claimant has "acted in bad faith" or has brought a claim that "is fanciful or frivolous." Britell, 318 F.3d at 75. Moreover, the Court finds that transferring Diving Services' claims, as opposed to dismissing them, would not "unfairly benefit" BTM, "impose an unwarranted hardship on" Diving Services, or "unduly burden the judicial system." Id. at 74. To the contrary, transferring this claim would "further[] the salutary policy favoring the resolution of cases on the merits," as was the intent of 28 U.S.C. § 1631. Id.

IV. Conclusion

For the reasons described above, Defendant's Motion to Dismiss (ECF No. 11) is DENIED and the case is transferred to

---

application of South Carolina law) and a forum selection clause (requiring that South Carolina maintain jurisdiction over the claim). (Def.'s Mot. to Dismiss 11-15, ECF No. 11-1.) In response, Diving Services argues that the forum selection clause is not mandatory, and that both the forum selection clause and the choice of law provision are unenforceable. (Pl.'s Opp'n. Mem. 12-18, ECF No. 12.) The Court need not resolve this particular dispute. As Diving Services has not contested that South Carolina is a jurisdiction "in which the action or appeal could have been brought at the time it was filed," 28 U.S.C. § 1631, and the Court is transferring this case pursuant to its authority under 18 U.S.C. 1631, there is no need for the Court to delve into the enforceability of the contract's various clauses.

the United States District Court for the District of South Carolina.

IT IS SO ORDERED.

/s/ W. Smith
_____
William E. Smith
Chief Judge
Date: January 3, 2017